**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Jamelle Andrea Peterkin v. The State of Texas

Appellate case number:      01-18-01090-CR

Trial court case number:    1548100

Trial court:                351st District Court of Harris County

       This case involves an appeal from a judgment, signed by the trial court on October 30, 2018, in which the appellant, Jamelle Andrea Peterkin, pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon on a family member for which the trial court assessed her punishment at nine years' confinement. The trial court certified appellant's right of appeal because this was not a plea-bargain case and appellant had a right of appeal, and she timely filed a pro se notice of appeal on November 30, 2018. *See* TEX. R. APP. P. 25.2(a)(2)(B), 26.2(a)(1).

       The reporter's record was filed on December 20, 2018, and the clerk's record on December 26, 2018, setting appellant's brief due by January 28, 2019. The clerk's record does not contain any motion to withdraw filed by appellant's trial court counsel, Clay S. Conrad, but it also did not contain an order appointing new counsel to represent appellant on appeal. The trial clerk's letter of assignment assigning appellant's notice of appeal to this Court listed "TBD" or to be determined as appellate attorney of record. Appellant's counsel status was neither updated in the clerk's record nor has any attorney appeared in this Court on appellant's behalf.

       On December 27, 2018, appellant filed a pro se letter requesting the appointment of counsel because she is indigent and cannot pay for the appellate records, and she further noted that she had also requested counsel from the trial court without receiving any response. Because no motion to withdraw was filed by trial counsel and no order was signed by the trial court granting such a motion, and it is unclear from the clerk's record whether Conrad was appointed or retained, and this appeal has not been exhausted, Clay S. Conrad continues as appellant's counsel until he is permitted to withdraw. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West 2018) (requiring attorney to "represent the

defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"); *see also Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004) (stating that Texas Rule of Appellate Procedure 6.4(b) "specifically bars *appointed* counsel in a criminal case from filing a 'nonrepresentation' notice but does not mention retained counsel," and thus, "[r]etained counsel must file a motion to withdraw") (emphasis in original). The Clerk of this Court is **directed** to add Clay S. Conrad as appellant's counsel.

Accordingly, the Court sua sponte construes appellant's pro se letter requesting the appointment of counsel as a motion to abate and **grants** it, **abates** the appeal, and **remands** the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, **Clay S. Conrad**, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant wishes to prosecute the appeal, determine whether appellant is indigent;
(3) if appellant is indigent, determine whether good cause exists to relieve Clay S. Conrad of his duties as appellant's counsel;
    a. if good cause exists to remove counsel, enter a written order relieving Clay S. Conrad of his duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant;
    b. if good cause does not exist to remove counsel, provide a final deadline by which Clay S. Conrad must file an appellant's brief in this Court, which shall be no more than 30 days from the date of the hearing;
(4) if appellant is not indigent and Clay S. Conrad does not intend to represent appellant on appeal,
    a. determine whether appellant has retained an attorney to represent her on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
    b. if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

    i. determine whether appellant has knowingly and intelligently waived her right to counsel; and

    ii. determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice;

    iii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04 (West 2018); TEX. R. APP. P. 38.6(a); *Whitehead*, 130 S.W.3d at 879; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court coordinator shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders, if any, with this Court no later than **45 days** from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than **45 days** from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **45 days** from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record, if any, that comply with this Order are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: _/s/ Laura Carter Higley_____

              ☒ Acting individually   ☐ Acting for the Court

Date: __January 10, 2019___